UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BENJAMIN WALKER,

    Plaintiff,

v.                                          Case No. 2:07-cv-210
                                             HON. ROBERT HOLMES BELL

PAUL EYKE,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Benjamin Walker, an inmate currently confined at the Bellamy Creek Correctional Facility, filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant Paul Eyke. Plaintiff's complaint alleges that he was originally confined within the MDOC on November 15, 2000, at which time he was taking Inderal, Zoloft, and Risperdal, for explosive anger / impulse control disorder. When Plaintiff was evaluated by Psychologist Dixon after arriving at the Jackson Facility, he was told that he would not be able to continue with his treatment because the medications were too expensive.

Plaintiff states that since that time he has continuously been denied his medications, including Risperdal, which treats explosive anger disorder. As a result, Plaintiff has repeatedly lost control and has received two new prison sentences because of his lack of control. Plaintiff complains that he has been repeatedly misdiagnosed in order to save the MDOC money. Plaintiff was sent to the Alger Maximum Correctional Facility (LMF) because of his assaultive behavior. Upon arriving at LMF, Plaintiff again requested to be placed back on his medications.

Consequently, Defendant Eyke placed Plaintiff in a suicide cell in administrative segregation until Plaintiff denied needing his medications. Plaintiff claims that this conduct violated his Eighth Amendment rights. Plaintiff is seeking damages and equitable relief.

Presently before the Court is Defendant's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56. Plaintiff has filed a response and the matter is ready for decision. Summary judgment is appropriate only if the moving party establishes that there is no genuine issue of material fact for trial and that he is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). If the movant carries the burden of showing there is an absence of evidence to support a claim or defense, then the party opposing the motion must demonstrate by affidavits, depositions, answers to interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Id.* at 324-25. The nonmoving party cannot rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Id.* at 324 (quoting Fed. R. Civ. P. 56(e)). The evidence must be viewed in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). Thus, any direct evidence offered by the plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (*citing Adams v. Metiva*, 31 F.3d 375, 382 (6th Cir. 1994)). However, a mere scintilla of evidence in support of the nonmovant's position will be insufficient. *Anderson*, 477 U.S. at 251-52. Ultimately, the court must determine whether there is sufficient "evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252. See also *Leahy v. Trans Jones, Inc.*, 996 F.2d 136, 139 (6th Cir. 1993) (single affidavit, in presence of other evidence to the contrary, failed to present genuine issue of fact); *cf. Moore, Owen, Thomas*

*& Co. v. Coffey*, 992 F.2d 1439, 1448 (6th Cir. 1993) (single affidavit concerning state of mind created factual issue).

Defendant claims that he is entitled to summary judgment because his conduct did not violate the Eighth Amendment. The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such care would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 102, 103-04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104-05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001). In addition, the Eighth Amendment requires prison officials to provide medically necessary mental health treatment to inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Government of the Virgin Islands v. Martinez*, 239 F.3d 293, 301 (3d Cir. 2001); *Lay v. Norris*, No. 88-5757, 1989 WL 62498, at *4 (6th Cir. June 13, 1989); *Potter v. Davis*, No. 82-5783, 1985 WL 13129, at * 2 (6th Cir. April 26, 1985).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the seriousness of a prisoner's need[ ] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 899 (6th Cir. 2004). If, however the need involves "minor maladies or non-obvious complaints of a serious need for medical care," *Blackmore*, 390 F.3d at 898, the inmate

must "place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County, Ky.*, 238 F.3d 739, 742 (6th Cir. 2001).

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind in denying medical care." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citing *Farmer*, 511 U.S. at 834). Deliberate indifference "entails something more than mere negligence," *Farmer,* 511 U.S. at 835, but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* Under *Farmer*, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Not every claim by a prisoner that he has received inadequate medical treatment states a violation of the Eighth Amendment. *Estelle*, 429 U.S. at 105. As the Supreme Court explained:

> [A]n inadvertent failure to provide adequate medical care cannot be said to constitute an unnecessary and wanton infliction of pain or to be repugnant to the conscience of mankind. Thus, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner. In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

*Estelle*, 429 U.S. at 105-06 (quotations omitted). Thus, differences in judgment between an inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim. *Sanderfer*, 62 F.3d at 154-55; *Ward v. Smith*, No. 95-6666, 1996 WL 627724, at *1 (6th Cir. Oct. 29, 1996). This is so even if the misdiagnosis results

in an inadequate course of treatment and considerable suffering. *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997).

In his affidavit, Defendant attests that he placed Plaintiff on suicide precautions solely because Plaintiff claimed to be experiencing depression with suicidal ideation. Plaintiff had made a prior attempt at self harm, causing Defendant to determine that it was in Plaintiff's best interest to be on precautions until he could be evaluated by a psychiatrist with the Department of Community Health's Corrections Mental Health Program. Defendant states that he did make such a referral and that Plaintiff was evaluated by Dr. Myers on November 8, 2004. The written report of Dr. Myers concluded that Plaintiff did not demonstrate a clinical disorder requiring medication and did not meet the criteria for admission to out-patient mental health treatment. Thereafter, Defendant discontinued the suicide precautions on Plaintiff. Plaintiff was subsequently observed resting comfortably in his cell, where he denied any desire to harm himself. (Defendant's Exhibit A, affidavit of Defendant, docket #27.)

Defendant also offers a copy of Plaintiff's Mental Health Records, which supports the version of events set forth in Defendant's affidavit. In his written evaluation, dated November 8, 2004, Dr. Steven A. Myers noted that Plaintiff's chief complaint was that he was angry about being placed on suicide watch. In the clinical summary section of the evaluation, Dr. Myers noted that Plaintiff had a vague history of depressive symptomatology and suicidal behavior and was on Zoloft prior to his incarceration in 2000, and demanded to be placed back on Zoloft. Dr. Myers concluded that repeated evaluations of Plaintiff had failed to demonstrate a clinical disorder requiring medication. (Defendant's Exhibit A, medical records, pp. 13-14, docket #36.)

In the progress note dated November 9, 2004, Defendant noted that Plaintiff denied any desire to harm himself, referred to the evaluation by the psychiatrist the previous day, and confirmed that he had been found to be not mentally ill. Defendant did not observe any overt indication of mood or thought disorder. Defendant then discontinued suicide precautions. (Defendant's Exhibit A, medical records, p. 15, docket #36.)

The Sixth Circuit distinguishes "between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment." *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976). Where, as here, "a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Id.*; *see also Perez v. Oakland County*, 466 F.3d 416, 434 (6th Cir. 2006); *Kellerman v. Simpson*, 258 F. App'x 720, 727 (6th Cir. 2007); *McFarland v. Austin*, 196 F. App'x 410 (6th Cir. 2006); *Edmonds v. Horton*, 113 F. App'x 62, 65 (6th Cir. 2004); *Brock v. Crall*, 8 F. App'x 439, 440 (6th Cir. 2001); *Berryman v. Rieger*, 150 F.3d 561, 566 (6th Cir. 1998). In the opinion of the undersigned, this is just such a case. Therefore, the undersigned recommends that Defendant be granted summary judgment.

In summary, in the opinion of the undersigned, Plaintiff has failed to sustain his burden of proof in response to Defendant's Motion for Summary Judgment. Accordingly, it is recommended that Defendant's Motion for Summary Judgment (Docket #26) be granted and this case be dismissed in its entirety.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within ten (10) days of receipt of

this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

    /s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated:   February 18, 2009